IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: QUORUM HEALTH CORPORATION, | : Chapter 11 |
| Reorganized Debtor. | : Bankr. Case No. 20-10766-BLS |
| | : Adv. Proc. No. 20-51053-BLS |
| RAJEEV VARMA, | : |
| Appellant, | : |
| v. | : |
| QUORUM HEALTH CORPORATION, | : Civ. No. 23-40-GBW |
| Appellee. | : |

## **MEMORANDUM ORDER**

Pending before the Court is an Emergency Motion (defined below) arising out of the appeal of a January 12, 2023 Order issued by Bankruptcy Court (D.I. 1-1) ("Dismissal Order") and accompanying opinion (D.I. 1-2) in the above-captioned adversary proceeding ("Adversary Proceeding"), which dismissed with prejudice Appellant's amended complaint seeking revocation of the Bankruptcy Court's June 30, 2020 plan confirmation order entered in the cases of the above-captioned Debtors. For the reasons set forth herein, the Emergency Motion is denied.

On January 12, 2023, Appellant filed a notice of appeal of the Dismissal Order (Adv. D.I. 78; D.I. 1). On January 13, 2023, the Notice of Appeal was transmitted to this Court along with various other documents filed by Appellant in the Bankruptcy Court, which are listed on the docket of the adversary proceeding as "emergency" matters (D.I. 3, 4) (together, the "Emergency Motion") and appear to seek a stay of an asset sale authorized under the Plan. In a statement filed twice (Adv. D.I. 79, 80), Appellant advised he would submit an "emergency brief" contemporaneously with the Emergency Motion, but no such brief was submitted. Notwithstanding the two-page email that

Appellant filed as an "emergency exhibit" (Adv. D.I. 82), it remained unclear what relief Appellant seeks from this Court in connection with his appeal of the Dismissal Order.

Accordingly, on January 24, 2023, the Court issued an Order (D.I. 5) directing that Appellant's brief in support of the Emergency Motion shall be filed no later than Friday, February 3, 2023, and a copy of the Order was served on Appellant by mail and electronic mail. Appellant failed to file his brief by the deadline.

A one-page "motion brief" emailed to Chambers at 12:29 a.m. on Saturday, February 4, 2023 (D.I. 6) cited "lack of PACER CM/ECF privileges … and the record cold weather outside." The submission was procedurally improper as an *ex parte* communication with Chambers that does not appear to have been served on counsel to Appellee(s). Even assuming that the Court had granted Appellant prior leave to submit his brief via electronic mail to Chambers based on the "other exigent circumstances" he alleges, the submission was also late.

Even assuming it had been timely, the "motion brief" does not include any of the requirements of Local Rule 7.1.3 governing briefs and memoranda. It offers no coherent legal or factual support for the Emergency Motion. Appellant's brief does not explain how staying the Dismissal Order, which is the subject of this appeal, will affect the sale he seeks to enjoin. The Dismissal Order does not mention any asset sale; rather, it dismissed with prejudice Appellant's amended complaint seeking revocation of the Bankruptcy Court's June 30, 2020 plan confirmation order. Although Appellant asserted that he would amend the pleading over the weekend of February 4 or 5, 2023, no amendment was filed. *See* D.I. 6 ("I will provide an amendment this weekend . . . .").

Even assuming the Dismissal Order somehow authorized the sale transactions that Appellant seeks to enjoin, which it does not, Appellant's brief does not come close to satisfying the requirements for a stay of an order pending appeal. *See Republic of Phil. v. Westinghouse Electric*

2

Corp., 949 F.2d 653, 658 (3d Cir. 1991) (appellant bears burden of proving that a stay is warranted based on the following criteria: (1) whether the movant has made 'a strong showing' that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies). Appellant's brief contains general allegations that the asset sales "are in reality fraudulent transfers under multiple state laws of the UFTA" along with general allegations of "fraud and conspiracy with other corporate actors to covertly effectuate asset sale for proceeds to be distributed back to insiders such as private equity financial sponsors and also first lien lenders and senior noteholders." (D.I. 6). Such statements do not meet the criteria for establishing that a stay pending appeal is warranted.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The Emergency Motion (D.I. 3, 4) is DENIED.

2. Upon entry of this Order, Appellant shall be served with copies via mail and electronic mail.

February 17, 2023
Wilmington, Delaware

HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE